UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON MOORE,
    Plaintiff,

v.                                                                 CIVIL ACTION NO. 15-13967-MPK

NSTAR ELECTRIC & GAS CO.,
    Defendant.

MEMORANDUM AND ORDER ON
DEFENDANT, NSTAR ELECTRIC & GAS COMPANY'S, MOTION TO STRIKE
PLAINTIFF'S AMENDED COMPLAINT (#34).

KELLEY, U.S.M.J.

On June 7, 2017, plaintiff Jason Moore filed an amended complaint. (#33.) Defendant Nstar Electric & Gas filed a motion to strike in response. (#34.) Determining that the amended complaint was improper as filed, the court construed it to be a motion to file an amended complaint and defendant's motion to strike to be an opposition. (#38.) Plaintiff was granted leave to file a memorandum of law addressing Nstar's opposition. *Id*. With plaintiff's memorandum having been filed (#40), the motion stands ready for decision.

In his original complaint,[1] Moore alleged that he was wrongfully terminated from his employment by Nstar due to a disability. (#1 at 1.) As is required by both Title VII, 42 U.S.C. § 2000e-5(f), and Massachusetts General Laws chapter 151B, §§ 5-9, prior to instituting this lawsuit,

---

[1] The original complaint was filed pro se by Moore. Counsel entered his appearance on behalf of plaintiff on September 27, 2016. (#26.)

plaintiff filed an administrative charge alleging that he "was discriminated against by NSTAR, on the basis of Disability." (#35-1.) In the amended complaint, in addition to claims relating to discrimination based on disability, Moore included a claim for racial discrimination in violation of Title VII. (#33, Count Two.)

Moore argues that he is entitled to amend his complaint once as a matter of right pursuant to Rule 15, Fed. R. Civ. P. (#40 at 1.) Plaintiff is incorrect in his reading of the rule. Rule 15(a)(1), Fed. R. Civ. P., states that

> [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In this case, plaintiff's original complaint was served on or before April 19, 2016, the date Nstar filed its answer.[2] An amended complaint filed on June 7, 2017, more than a year after service of the original complaint and the filing of a responsive pleading, i.e., the answer, plainly falls outside the 21-day time parameter set out in the rule.

When Rule 15(a)(1) is inapplicable, a plaintiff may make amendments "only with the opposing party's written consent or the court's leave."[3] Fed. R. Civ. P. 15(a)(2). The rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id.* That said, "amendments may be denied for several reasons, including undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016) (internal citations

---

[2] There is no return of service on the docket, but, a fortiori, service must have been made prior to the defendant filing its answer.

[3] Moore sought neither consent of the defendant nor leave of court prior to filing his amended complaint.

and quotation marks omitted). As explained by the First Circuit, the court's leave to amend analysis is context specific. *See Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (addressing a district court's decision to deny a motion for leave to amend, the court noted that "[e]verything depends on context.").

Nstar argues several reasons why the proposed amendment should be denied, the first of which is futility. *See Adorno v. Crowley Towing And Transp. Co.,* 443 F.3d 122, 126 (1st Cir. 2006) ("Consent to file amended pleadings shall be freely given when justice so requires unless the amendment would be futile or reward undue delay.") (internal citations and quotation marks omitted); *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a motion to amend"). In the proposed amended complaint, Moore alleges that he was unlawfully terminated on December 14, 2010. (#33 ¶ 10.) As noted, the filing of an administrative charge is a prerequisite to bringing a claim under Title VII. Plaintiff has never filed an administrative claim with respect to racial discrimination, and the time within which to do so has long since passed.[4] *Nat'l R.R. Passenger Corp. v. Morgan*, 536

---

[4] Title VII provides that:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e)(1).

U.S. 101, 104–05 (2002) ("Section 2000e–5(e)(1) requires that a Title VII plaintiff file a charge with the Equal Employment Opportunity Commission (EEOC) either 180 or 300 days 'after the alleged unlawful employment practice occurred.'"). The First Circuit has reiterated that:

> Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies. The Title VII administrative process begins with the filing of an administrative charge before the EEOC. The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge. In either case, the EEOC must send the employee notice, in the form of what is known as a right-to-sue letter. Upon receiving such notice, the employee has ninety days to sue in federal court. With limited exceptions [. . .] the failure to exhaust this administrative process bars the courthouse door.

*Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008) (internal citations and quotation marks omitted). Plaintiff's failure to exhaust his administrative remedies with respect to his racial discrimination claim is sufficient reason to deny a request to amend his complaint to bring such a claim.

In the interest of completeness, Nstar's other arguments shall be addressed briefly. Defendant contends that there has been undue delay in seeking to file the amended complaint. According to the First Circuit, "when considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay." *Invest Almaz v. Temple-Inland Forest Prod. Corp.*, 243 F.3d 57, 71 (1st Cir. 2001) (internal citation and quotation marks omitted). "[P]eriods of fourteen months, fifteen months, and seventeen months" have been deemed to constitute "considerable time." *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (internal citations and quotation marks omitted). Here, more than eighteen months elapsed between the filing of the original complaint and the proposed amended complaint. Moore has proffered no explanation as to why the proposed amended complaint could not have been filed earlier. While plaintiff contends that a report he filed

with Nstar concerning an incident with a fellow worker evidences racial discrimination, the incident occurred on September 3, 2010 and the report was authored on September 7, 2010. (#40 at 4; #40-1.) Clearly, the facts were known to Moore for more than five years before he filed his *original* complaint. In these circumstances there is simply no justification for the lengthy delay before attempting to amend.

Lastly, Nstar claims that it would be unduly prejudiced if the amendment were to be allowed. Defendant's point is well taken. Discovery closed in May 2017. To allow a completely new claim into the case at this juncture would mean not only reopening discovery, but also likely redoing at least some of what has already been done. In all of the circumstances, such action would be unjustifiably detrimental to defendant.

IV. Conclusion.

For all the reasons stated, Defendant, Nstar Electric & Gas Company's, Motion To Strike Plaintiff's Amended Complaint (#34) is ALLOWED.

August 30, 2017

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge